May 6th, 1809.
Waties, J.,
declared the opinion of the court, Waties, Bay, Brevard, and Wilds, Justices. After noticing the several questions made on ¿the motion, and stating the principal question, which was alone discussed and relied on, he examined the doctrine laid down in Plowden 229, 48(5, and remarked, that there was a good deal of obscurity and uncertainty in it. The distinction is between a case where one dies without issue, and where.the lands escheat for want of heritable blood. In the first case the freehold is presently cast on the king, for it cannot be in suspense ; and the king takes without office found. In the se. cond case . the freehold in law is cast on the' heir, who shall hold until office found for the king. The heir, in such case, cannot in. herit by reason of the attainder of his ancestor. The reason of this distinction is not very evident. It must have originated in a feudal.principle, whióh never was in force in this country. He then proceeded to make a handsome and just eulogium on Judge Blackstone ; and adverting to his observations on the subject of escheat in his Commentaries, said, that his chemical skill in decomposing the most difficult legal subjects, had happily been applied in. explaining the points of difficulty in the case under consideration. From what he says, it must appear that the king cannot take by escheat, on bare surmise, and without the intervention of a jury> unless where there is no occupant, or in case of outlawry. ' He then stated how dangerous it would be in this country, to allow of such' a doctrine, and to give it such an operation, as would sanction the regranting of lands on mere suggestion, or surmise. That many bona fide possessions might be overthrown, and many honest titles be defeated, when put to the torture of a land inquisitor. But this doctrine cannot be recognized as law here. It is opposed to the mild and liberal spirit of our escheat law, which requires notice to be given to all the world, and makes proper provision for the heir, if he should appear. Escheated land cannot be granted again. The law under which the plaintiff’s grant was obtained, did not authorize it. There are different modes established as to jthe dis- *324 Pos^‘on the Pu^’c lands. Vacant lands are to be granted upon the terms prescribed by the laws regulating that subject. And es°heated lands are to be sold publicly, after certain ceremonies an<^ Precautions are observed, according to the mode, and upon the terms pointed out by the law, regulating that subject. In this case the graut is to be considered void, because there has appeared an elder grant for the same land. It, therefore, appears, that the grant was obtained through fraud, or mistake. This appears by matter of record, which is incontrovertible. The land in question was not vacant land, when the grant to the plaintiff issued. If it has fallen to the State by escheat for want of heirs, the escheat law must be pursued, to enable the State to dispose of it legally. The plaintiff appears not to have acquired any legal title to it, from any thing that appeared in evidence at the trial, and, therefore,, we are all of opinion the verdict ought not to be disturbed.
Note. See A. A. 1787, P. L. 428. 3 Bl. Com. '73,258. 2 Bl. C. 245. 3 Burr. 1301. Co. Litt. 13, a. A. A. 1731. Special jury. See Plow. 213, 484. 3 Bl. Com. 259, and 2 Hen. and Munf. 330.
New trial refused.